THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. CHARLES JULIUS, PLAINTIFF IN ERROR.

Submitted October 27, 1924—Decided February 6, 1925.

Crimes—Private Indecency—Assault and Battery—Error to Admit Evidence That Defendant Had Had Improper Relations With Another Girl—Allegation of Error in Charge Relating to Reasonable Doubt Not Sustained.

On writ of error directed to the Hudson County Court of Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the plaintiff in error, *Anthony P. LaPorta.*

For the defendant in error, *John Milton* (*Aloysius McMahon,* of counsel).

PER CURIAM.

This case is brought to this court by a writ of error directed to the Hudson County Court of Quarter Sessions. The writ brings up the conviction of Charles Julius upon two indictments, one for private indecency, the other for assault and battery. The indictments were founded upon complaints made by Grace Hunt and Dorothy Hunt, girls ten and twelve years of age, respectively. The evidence submitted showed that the defendant conducted an establishment for packing candy in West New York, where the complaining witnesses were employed in sealing the bags of candy. The acts of indecency were alleged to have been committed upon the premises. During the progress of the trial the state called as a witness Eva Arthur, a girl who testified that she was fourteen years of age; that she had worked for the defendant in his candy shop, and that the defendant had on one occasion locked the shop and then attempted to commit improper acts with her. At the time these questions were asked of Eva Arthur by the state's attorney, objection was made to the testimony on behalf of the defendant. The objection was overruled. The testimony was admitted. An exception to the court's ruling was duly taken. The admission of this testimony was error. Upon the trial of a person for one crime evidence that the defendant has been guilty of other crimes is irrelevant, and, consequently, inadmissible. This is the general rule. *State* v. *Bloom,* 89 *N. J. L.* 418; *State* v. *Fisher,* 96 *Id.* 5. While to this general rule there are exceptions which are set forth in the case of *State* v. *Raymond,* 53 *Id.* 260, the present case does not come within any of these exceptions. The acts of the defendant with Eva Arthur were not part of the *res gestæ.* Between them and the crime charged there was no logical relation except as they might

evidence the criminal propensity of the defendant. A criminal propensity is not evidence of guilt. *State* v. *Bloom, supra.* The court in its charge to the jury commented upon the testimony of Eva Arthur. This comment made the testimony especially harmful to the defendant.

The further contention is made that the trial court erred in the definition of reasonable doubt which it gave to the jury. A reading of this portion of the court's charge seems to me to bring the definition of reasonable doubt within the cases of *State* v. *Donnelly,* 26 *N. J. L.* 601, and *State* v. *Linker,* 94 *Id.* 412.

Because of the admission of the testimony of Eva Arthur the judgment of conviction is reversed.